IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SYNQOR, INC. | § | |
| | § | |
| V. | § | No. 2:14CV287 |
| | § | SEALED |
| VICOR CORPORATION | § | |

# ORDER

Before the Court is the following pending motion:[1] Defendant Vicor Corporation's Motion for Summary Judgment of Indefiniteness (Docket Entry #104). The Court, having reviewed the relevant briefing and hearing arguments September 11, 2014, issues the following Order.

Vicor Corporation ("Vicor") has moved for summary judgment of invalidity based on indefiniteness, arguing the '021 patent's "substantially uninterrupted" language for the "duty cycle" limitation either means what it literally says and Vicor's accused converters that interrupt power flow for 14-34% of the duty cycle do not infringe, or the meaning of "substantially uninterrupted" is entirely uncertain and this phrase is indefinite under the Supreme Court's new standard requiring claims to delineate with "reasonable certainty. . . the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S.Ct. 2120 (2014).

The term "power flow though the … converter is substantially uninterrupted" was raised for construction in the claim construction briefing and hearing. Docket Entry #4 at 21-23. The primary issue disputed was the meaning of "substantially uninterrupted." In the prior arguments,

---

[1] The above-referenced cases were referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636.

SynQor asserted that power flow was uninterrupted except for "brief transition times." *Id.* at 21-22. SynQor asserted that a guidepost as to what was "brief" was the less than 20% transition times the parties had both focused on with regarding to the "transition times" term. *Id.* at 22.

However, the "transition time" term was with reference to voltage transition times such as illustrated on page 13 of the claim construction order. Docket Entry #4 at 13. As was acknowledged by the parties at the hearing, the relevant transition time was the brief switch transition time not the voltage transition time. *Id.* at 23. The switch transition time occurs at "some point in the course of the change of the voltage waveform across a primary winding." *Id*. Thus, it was recognized that the switch transition time was some time less than the 20% voltage transition time. With this understanding the parties agreed at the hearing that the switch transition times provide context for the time period of power interruption. *Id*. Because of this agreement it appeared to the Court that there was no longer a dispute "as to whether the specification provided guidance as to the scope of substantial," and the parties did not articulate that a claim construction dispute remains that would impact the presentation to the jury. *Id.* The Court explicitly noted that if the parties' positions subsequently change, the parties may seek clarification from the Court on the construction. *Id.* at 23, n. 4.

The arguments of the parties are no longer in agreement, and consideration by the Court is required to prevent an *O2 Micro* problem. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.,* 521 F. 3d 1351, 1362 (Fed. Cir. 1008). SynQor has acknowledged in its briefing that SynQor's expert Dr. Leeb has testified that the preferred embodiment in the specification (Figure 5) teaches an "infinitesimally" small switch transition time in which power is interrupted.

Docket Entry #116 at 7. SynQor now argues that interruptions of up to 49% may still be "substantially uninterrupted." *Id.*

The Court is skeptical that the intrinsic record teaches that 49% interruptions are "substantially uninterrupted." However, the briefing of the parties as to the teachings of the intrinsic record appears to lack completeness. The Court thus orders additional briefing as outlined below. The Court requests the parties include in their briefing a discussion as to what the intrinsic record teaches as to the length of power interruptions.

Accordingly, it is

**ORDERED** that within twenty days from the date of entry of this Order, the parties shall file a brief of no more than three pages, addressing what the intrinsic record shows "substantially" means. The parties may file a two-page response within fifteen days thereafter. No replies shall be filed.

**SIGNED this 27th day of October, 2014.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE