# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC.<br><br>    Plaintiff,<br><br>v.<br><br>VICOR CORPORATION<br><br><br>    Defendant. | Civ. No. 2:14-CV-287-MHS-CMC<br><br>**JURY TRIAL DEMANDED** |

## **SYNQOR, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Currently pending before the Court is SynQor's Motion for Partial Summary Judgment Relating to Infringement by Vicor under 35 U.S.C. § 271(f)(1) (Dkt. 94). SynQor files this Notice to bring to the Court's attention the Federal Circuit's December 15, 2014 decision in *Promega Corp. v. Life Techs. Corp.*, Nos. 2013-1011, -1029, -1376 (attached as Exhibit 1 to this Notice), which conclusively resolves the legal dispute at the center of SynQor's motion.

SynQor sought partial summary judgment ordering that, "to the extent Vicor's accused bus converters are found to meet all of the bus converter limitations of the claims asserted against them, Vicor's bus converters constitute 'a substantial portion of the components of the patented invention' that are supplied in or from the United States," which is one of the elements of liability under 35 U.S.C. § 271(f). Dkt. 94, Proposed Order. Vicor opposed SynQor's motion by arguing that "Section 271(f)(1) is only met where an accused infringer provides ***multiple components*** of a claimed invention, which are then ***combined together*** outside of the United States to make the invention," whereas "Vicor provides a ***single*** component of an Intermediate Bus Architecture (IBA) circuit, which is then combined with multiple non-isolating point-of-load (niPOL) converters, to allegedly make the claimed invention." Dkt. 109 at 2-3 (emphasis in original). In reply, SynQor argued, *inter alia*, that 35 U.S.C. § 271(f)(1) covered the supply of even a single component, so long as that component constituted a "substantial portion" of the patented invention. Dkt. 143 at 2-4.

In *Promega*, the Federal Circuit was presented with this very legal issue. Ex. 1 at 26-33. The Federal Circuit adopted SynQor's position, holding that "a party may be liable under § 271(f)(1) for supplying or causing to be supplied a single component for combination outside of the United States." *Id.* at 27. The court therefore upheld a jury verdict of infringement based on the supply of a single component, *Taq* polymerase, from the United States to be combined with other components abroad to form the accused genetic testing kits. *Id.* at 33.

SynQor respectfully requests that its Motion for Partial Summary Judgment Relating to Infringement by Vicor under 35 U.S.C. § 271(f)(1) (Dkt. 94) be granted for the reasons set forth in SynQor's previous briefing in light of the Federal Circuit's holding in *Promega*.

| Dated: December 15, 2014 | */s/ Bryan C. Mulder* |
|---|---|
| | **Thomas D. Rein** (*admitted pro hac vice*) |
| | Lead Attorney |
| | trein@sidley.com |
| | **Russell E. Cass** (*admitted pro hac vice*) |
| | rcass@sidley.com |
| | **Stephanie P. Koh** (*admitted pro hac vice*) |
| | skoh@sidley.com |
| | **Bryan C. Mulder** (*admitted pro hac vice*) |
| | bmulder@sidley.com |
| | **Nathaniel C. Love** (*admitted pro hac vice*) |
| | nlove@sidley.com |
| | SIDLEY AUSTIN LLP |
| | One South Dearborn |
| | Chicago, IL 60603 |
| | Telephone: 312.853.7000 |
| | Facsimile: 312.853.7036 |
| | |
| | **Michael D. Hatcher** |
| | Texas State Bar No. 24027067 |
| | mhatcher@sidley.com |
| | **David T. DeZern** |
| | Texas State Bar No. 24059677 |
| | ddezern@sidley.com |
| | SIDLEY AUSTIN LLP |
| | 2001 Ross Avenue, Suite 3600 |
| | Dallas, TX 75201 |
| | Telephone: 214.981.3300 |
| | Facsimile: 214.981.3400 |
| | |
| | ***ATTORNEYS FOR PLAINTIFF SYNQOR, INC.*** |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being served on counsel of record via the Court's CM/ECF system on December 15, 2014.

>                     */s/ Bryan C. Mulder*
>                     Bryan C. Mulder