# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC.<br><br>        Plaintiff,<br><br>    v.<br><br>VICOR CORPORATION<br><br>        Defendant. | Civ. No. 2:14-CV-287-RWS-CMC<br><br>**JURY TRIAL DEMANDED** |

## VICOR CORPORATION'S RESPONSE TO SYNQOR, INC.'S OBJECTIONS TO REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING SYNQOR, INC.'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' § 112 AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

The Report and Recommendation of the United States Magistrate Judge Regarding SynQor, Inc.'s Motion for Summary Judgment on Defendants' § 112 Affirmative Defenses and Counterclaims ("Section 112 R&R"), should be adopted in full.  Not only do SynQor's Objections, (Dkt. 204), seek relief that is inappropriate and premature at this juncture, they are premised on a fundamental mischaracterization of the Section 112 R&R.

As an initial matter, the relief sought by SynQor is premature.  According to SynQor, Vicor's written description and enablement defenses are "contingent on the success of SynQor's infringement allegations" in the parallel Cisco litigation, and Vicor is "expected to abandon" these defenses in the event this Court adopts the New CPN R&R in Case No. 2:14-cv-286 ("the '286 case").  In actuality, however, these defenses and counterclaims are premised on discrepancies between the sworn statements of SynQor and its expert regarding the scope of SynQor's patent claims, and the level of detail disclosed in the specification of SynQor's patents.  These discrepancies raise serious written description and enablement concerns that do not necessarily disappear even if the New CPN R&R is adopted.  While Vicor acknowledges that the grounds upon which this Court adopts or rejects the New CPN R&R may inform the Court's conclusions regarding written description and enablement, it does not automatically follow that Vicor's defenses and counterclaims become moot simply because SynQor's infringement allegations against Cisco, in separate proceedings, have been shown to lack merit.[1]  Accordingly, as Vicor made clear to SynQor prior to its filing of its Objections, (*see* Findlay Decl. Ex. A), whether and to what extent Vicor's Section 112 defenses and counterclaims remain viable is a

---

[1] Indeed, in its Objections, SynQor indicates that it intends to appeal any decision by the District Court to adopt the New CPN R&R in the '286 case. (Dkt. 204 at n.2.)  SynQor should not be permitted to deprive Vicor of its defenses and counterclaims as a matter of law on the basis of a ruling that SynQor itself intends to attempt to overturn on appeal.

matter that warrants further analysis once the Court issues its ruling on the Magistrate Judge's New CPN R&R in the '286 case.

Vicor also disagrees that SynQor is entitled to summary judgment on written description and enablement regardless of this Court's holding on the New CPN R&R in the '286 case. The premise of SynQor's alternative argument is that the Magistrate Judge improperly focused on the accused devices, rather than the claims. (Dkt. 204 at 4 ("In contravention of all of the above-cited precedent, the 112 R&R analyzed whether Cisco's non-Vicor New CPNs are described and enabled.").) However, the issue addressed by the Magistrate Judge was not whether the New CPNs are described and enabled,[2] but whether SynQor's patents adequately describe and enable ***an invention*** that is commensurate with what SynQor contends is within the scope of the claims. (Section 112 R&R at 12-19, 19-22.) This is precisely what the law requires. *See Space Systems/Loral, Inc. v. Lockheed Martin Corp.*, 405 F.3d 985, 987 (Fed. Cir. 2005) (written description); *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1253 (Fed. Cir. 2004) (enablement).

With respect to written description, the Magistrate Judge also correctly recognized that there were disputed issues of fact as to whether "the specification conveys enough to inform a person of skill in the art that [the inventor], at the time the application was filed, was in possession of a converter that would be non-regulating some of the time." (Section 112 R&R at 16.) Similarly, on the question of enablement, the Magistrate Judge found "factual disputes as to whether the disclosure of the asserted patents" would allow one of skill in the art to practice the

---

[2] The Magistrate Judge expressly rejected any notion that the New CPNs themselves must be specifically described or enabled in the SynQor patents. (*See* Section 112 R&R at 20 (noting that the question of enablement "does not turn on whether the accused product is enabled"); Section 112 R&R at 15 (agreeing with SynQor that the specification need not explicitly disclose a dual-mode converter to satisfy the written description requirement).)

full scope of the claimed invention without undue experimentation. (*Id.* at 22, 19 (noting that "the specification must be 'commensurate' with the claims and must enable one of ordinary skill in the art to practice the full scope of the claimed invention.") (quotation and citation omitted).) Because SynQor's Objections do not attempt to demonstrate the absence of a genuine issue of fact on these critical issues, they should be overruled.

Finally, regarding the issue of claim indefiniteness,[3] Vicor disagrees with SynQor's contention that SynQor would be entitled to summary judgment even if this Court were to reject the New CPN R&R. As set forth in Vicor's Opposition to SynQor's summary judgment motion, if the asserted claims were understood to be broad enough to cover the Cisco dual-mode CPNs, they would be indefinite because they fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention. (*See* Dkt. 120 at 12-15.) Indeed, as indicated by the testimony of SynQor's own inventor and expert witness, (*see* Dkt. 120-7 at 179:13-180:21; Dkt 120-8 at 68:11-24, 137:4-15; Dkt. 120-9 at 234:15-235:19, 242:7-243:5), a person of skill in the art interprets the asserted claims to either improperly combine apparatus and method limitations, *see IPXL Holdings, L.L.C. v. Amazon.com, Inc.,* 430 F.3d 1377, 1384 (Fed. Cir. 2005), or to improperly require an inquiry into the particular circumstances of how a circuit was intended to be used, *see Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1255 (Fed. Cir. 2008). Thus, to the extent that the New CPN R&R is not adopted by the Court, and the claims are understood to encompass dual-mode CPNs, this Court should deny SynQor's motion, and should instead grant summary judgment in favor of Vicor that the asserted claims are indefinite. *Bur-*

---

[3] Contrary to SynQor's representation, Vicor did *not* agree that SynQor is entitled to summary judgment on Vicor's non-"substantially uninterrupted" indefiniteness defenses in the event the New CPN R&R is adopted. Rather, with regards to these defenses and counterclaims, SynQor filed an unopposed Motion for Clarification of the Section 112 R&R, (*see* Dkt. 203), which the Magistrate Judge adopted. (*see* Dkt. 205.)

*Cold Express, Inc. v. Parker Hannifin Corp.*, 808 F. Supp. 553, 556 (S.D. Tex. 1992) (summary judgment against movant was proper even where opposing party had not moved for summary judgment).

For the foregoing reasons, SynQor's Objections should be overruled, and the Section 112 R&R should be adopted in full.

Dated:  January 7, 2015                          Respectfully submitted,


By: */s/ Eric H. Findlay*
Charles Kramer Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Linda J. Brewer (*pro hac vice*)
lindabrewer@quinnemanuel.com
Sean S. Pak (*pro hac vice*)
seanpak@quinnemanuel.com
Michelle A. Clark (*pro hac vice*)
michelleclark@quinnemanuel.com
Margaret P. Kammerud
margaretkammerud@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6600
Facsimile: 415-875-6700

Eric H. Findlay, Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
102 North College Ave.
Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

Robert E. Hillman (*pro hac vice*),
hillman@fr.com
Lawrence K. Kolodney (*pro hac vice*),
kolodney@fr.com

...

Adam J. Kessel (*pro hac vice*), kessel@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Telephone: 617-542-5070
Facsimile: 617-542-8906

Stephen A. Marshall (*pro hac vice*),
smarshall@fr.com
FISH & RICHARDSON P.C.
1425 K Street, NW
Suite 1100
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

David A. Gerasimow (*pro hac vice*),
gerasimow@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza, 60 South 6th St.
Minneapolis, MN 55402
Telephone: 612-335-5070
Facsimile: 612-288-9696

*Attorneys for Defendant Vicor Corporation*

## CERTIFICATE OF SERVICE

I, Eric H. Findlay, do hereby certify that I caused a true and correct copy of the above and foregoing document to be served on the following counsel of record by electronic transmission on January 7, 2015.

**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**Stephanie P. Koh** (*admitted pro hac vice*)
skoh@sidley.com
**Bryan C. Mulder** (*admitted pro hac vice*)
bmulder@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:   312.853.7000
Facsimile:    312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
SIDLEY AUSTIN LLP
717 North Harwood, Suite 3400
Dallas, TX 75201
Telephone:   214.981.3300
Facsimile:    214.981.3400

*ATTORNEYS FOR PLAINTIFF SYNQOR, INC.*

　　　　　　　　　　　　　　　*/s/ Eric H. Findlay*
　　　　　　　　　　　　　　　　Eric H. Findlay