**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| SYNQOR, INC.<br><br>          Plaintiff,<br><br>     v.<br><br>VICOR CORPORATION<br><br>          Defendant. | Civ. No. 2:14-CV-287-RWS-CMC<br><br>**JURY TRIAL DEMANDED** |

## <u>VICOR CORPORATION'S OPPOSITION TO SYNQOR, INC.'S MOTION TO LIFT STAY</u>

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.     BACKGROUND ..........................................................................................................2

II.    ARGUMENT ..............................................................................................................4

     A.    SynQor Will Not Be Prejudiced by a Continued Stay ...............................5

     B.    The Remaining Reexamination Proceedings Can Further Simplify the
           Case...........................................................................................................8

     C.    The Principles of Judicial Economy Favor a Continued Stay ..................9

III.    CONCLUSION........................................................................................................10

# **TABLE OF AUTHORITIES**

**Page**

CASES

*Cheetah Omni, LLC v. Level 3 Comm'ns, Inc.*,
No. 5:06CV101, 2010 WL 11469013 (E.D. Tex. Apr. 16, 2010) ...................................... 7

*Cheetah Omni, LLC v. Levvel 3 Comm'ns, Inc.*,
No. 5:06CV101, 2011 WL 13244215 (E.D. Tex. May 12, 2011) ...................................... 7

*DermaFocus LLC v. Ulthera, Inc.*,
No. 1:15-cv-00654-JFB-SRF, 2018 WL 2733363 (D. Del. June 7, 2018) ........................ 1

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988) ..................................................................................... 4

*Intell. Ventures I LLC v. HCC Ins. Holdings, Inc.*,
No. 6:15-CV-660-JRG-KNM, 2018 WL 11176495 (E.D. Tex. June 26, 2018) ............ 5, 6

*Interwoven, Inc. v. Vertical Computer Sys., Inc.*,
No. C10-04645RS, 2012 WL 761692 (N.D. Cal. Mar. 8, 2012) ...................................... 8

*Landis v. N. Am. Co.*,
299 U.S. (1936) .............................................................................................................. 4

*NFC Tech. LLC v. HTC Am., Inc.*,
No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ........................ 5

*Pers. Audio LLC v. Google, Inc.*,
230 F. Supp. 3d 623 (E.D. Tex. 2017) ........................................................................ 5, 6

*Realtime Data LLC v. Hewlett Packard Enter. Co.*,
No. 6:16-CV-00086-RWS, 2018 WL 3608544 (E.D. Tex. July 27, 2018) ........................ 6

*S. J. Stile Assocs. Ltd. v. Snyder*,
646 F.2d 522 (C.C.P.A. 1981) ........................................................................................ 7

*Smartflash LLC v. Apple Inc.*,
621 F. App'x 995 (Fed. Cir. 2015) .................................................................................. 9

*Southwire Co. v. Cerro Wire, Inc.*,
750 F. Supp. 2d 775 (E.D. Tex. 2010) ............................................................................ 4

*SynQor, Inc v. Vicor Corp.*,
988 F.3d 1341 (Fed. Cir. 2021) ....................................................................................... 3

*Trover Grp., Inc. v. Dedicated Micros USA*,
No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) ........................ 8

*Veraseal LLC v. Wal-Mart Stores, Inc.*,
   No. 2:17-CV-00527-JRG, 2018 WL 2183235 (E.D. Tex. May 11, 2018) ........................ 4

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014)..................................................................................... 5, 8

## STATUTES

35 USC § 102 ............................................................................................................................. 3

## REGULATIONS

37 C.F.R. § 41.77(b)(1) ............................................................................................................... 6

37 C.F.R. § 1.977(b) ................................................................................................................... 6

Vicor Corporation ("Vicor") respectfully opposes the motion (Dkt. 302) of SynQor, Inc. ("SynQor") to lift the stay that currently governs this case.  The stay was entered into upon a stipulation by the parties "pending completion of the *inter partes* reexaminations of all of the asserted patent claims, including any appeals of the reexamination decisions to the Federal Circuit Court of Appeals."  (Dkt. 281, 282; *see also* Dkt. 293 at 4).  The Court denied SynQor's prior attempt to lift the stay because proceedings related to two of the patents-in-suit—the '190 and '290 patents—were ongoing and, given the agreed upon terms of the parties' stipulation, "there [were] no new circumstances that warrant lifting the stay."  (Dkt. 293 at 5).

The current motion is likewise premature for several reasons.  *First*, as SynQor concedes, the appeals process with respect to the '190 patent is ongoing.  The Patent Trial and Appeal Board ("PTAB") found all remaining asserted claims of the '190 patent unpatentable.  The Federal Circuit, in a sharply divided 2-1 decision, reversed on collateral estoppel grounds.  Vicor is seeking rehearing and *en banc* review of the Federal Circuit decision, with its petition due April 7, 2021.  Although the Federal Circuit vacated the PTAB's findings by applying the legal doctrine of collateral estoppel, it remanded without addressing the underlying merits of the PTAB's obviousness findings.

*Second*, the *inter partes* reexamination for the '290 patent is ongoing.  By its own terms, therefore, the stipulated stay should remain in place. *See, e.g.*, *DermaFocus LLC v. Ulthera, Inc.*, No. 1:15-cv-00654-JFB-SRF, 2018 WL 2733363, at *2 (D. Del. June 7, 2018) (denying the plaintiff's motion to lift the stay because "the terms of the parties' stipulation ha[d] not been satisfied").  SynQor fails to provide any new circumstances that warrant preemptively lifting the stay, rather than respecting the parties' agreement and letting those ongoing proceedings reach finality.

1

*Finally*, the Court should give no weight to SynQor's conflicting proposals regarding the '290 patent. SynQor first proposes to sever the '290 claims from this action—a proposal that seeks to prevent the jury from hearing evidence of SynQor's misconduct, while simultaneously burdening the Court with a potential second trial should SynQor manage to reverse the PTAB's rejection of the '290 patent claims. SynQor alternatively offers to dismiss the asserted claims of the '290 patent with prejudice, but only if the Court accedes to its demands that a prompt trial date be set.

In short, lifting the stay now would burden the Court and the parties with pretrial and trial activity and create a significant risk of wasteful or redundant proceedings, which would produce inconsistent results and likely spark yet more litigation. SynQor's motion should be denied.

## I.   BACKGROUND

On May 23, 2016, the Court ordered, pursuant to a stipulation by both parties (Dkt. 281), that the litigation be stayed pending completion of the *inter partes* reexaminations across four different patents, including any appeals of the reexamination decisions to the Federal Circuit, subject to certain reservations of rights. (Dkt. 282). Prior to the parties reaching agreement via stipulation to stay the case, the Court had substantively analyzed the stay and recognized the high likelihood that the reexaminations would substantially narrow (and, potentially, eliminate) SynQor's patent infringement claims. (Dkt. 253). SynQor moved to lift the stay on November 2, 2018, asserting that it would suffer prejudice by a continued stay. (Dkt. 287). On January 3, 2019, SynQor's motion was denied, with the Court finding "there are no new circumstances that warrant lifting the stay that was agreed to by the parties and entered by District Judge Schroeder." (Dkt. 293). On July 12, 2019, District Judge Schroeder overruled SynQor's objections to the Order denying its motion to lift the stay, finding that "SynQor does not dispute the *inter partes*

reexaminations of the '190 and '290 patents are still in progress" and that "SynQor did not challenge the Magistrate Judge's finding that continuing the stay will potentially conserve judicial resources." (Dkt. 296).

The progression of the *inter partes* reexamination proceedings and appeals has confirmed that the prior decisions to maintain the agreed-upon stay were sound. As an initial matter, the Federal Circuit has affirmed the PTAB's rejections of all asserted claims from the '021 patent and it has been eliminated from this case. In addition, all asserted claims of the '290 patent stand rejected by the three-Examiner panel in the ongoing *inter partes* reexamination proceedings related to that patent, which is presently on appeal to the PTAB. (*See* Ex. 1-7). With respect to the '190 patent, asserted claims 21 and 30 were previously eliminated, with the Federal Circuit holding that those claims were invalid as anticipated under 35 USC § 102. (*See* Ex. 8). Thus, at this stage, only the '702 patent has emerged from the reexamination proceedings unscathed.[1] Moreover, the remaining asserted claims of the '190 patent were held to be invalid as obvious by the PTAB. (*See* Ex. 8, 15). Although the Federal Circuit recently issued an opinion that vacated the PTAB's findings by applying the legal doctrine of collateral estoppel, it remanded without addressing the underlying merits of the PTAB's obviousness findings. *See SynQor, Inc v. Vicor Corp.*, 988 F.3d 1341, 1346 (Fed. Cir. 2021). Thus, even as to the '190 patent claims that are at issue in this latest appeal, the reexamination is not over, as the Federal Circuit remanded to the PTAB "for further proceedings consistent with [its] opinion." *Id.* at 1355.

Given the stay, the procedural posture of the case has not changed. In addition to SynQor's affirmative claims, Vicor continues to assert counterclaims for declarative relief regarding

---

[1]   As noted previously, the vast majority of Vicor's accused products do not meet the "short transitions" limitation claimed by the '702 patent, according to SynQor's expert's own admission. (See Dkt. 248 at 3; Dkt. 253 at 4).

invalidity and non-infringement of the patents-in-suit, unenforceability of the '290 patent, unfair competition pursuant to Massachusetts General Laws Chapter 93A, and tortious interference with prospective economic advantage.  (Dkt. 3).  The parties filed a total of eight summary judgment motions and three *Daubert* motions related to the various infringement, invalidity, and unfair-competition allegations asserted in the case in June 2014.  In August 2014, the parties filed their initial pretrial submissions, including proposed jury instructions, exhibit lists, and deposition designations.  This Court held a hearing on the summary judgment motions in September 2014. Reports and recommendations were issued on two *Daubert* motions and on SynQor's summary judgment motion regarding Section 112 invalidity defenses.  However, the parties filed objections to the reports and recommendations that have yet to be ruled upon.  (*See* Dkt. 197, 204, 243, 249, 251).  No orders have yet issued with respect to the remaining *Daubert* motion and seven pending summary judgment motions.

## II.   ARGUMENT

A district court has the inherent power to control its own docket, including the power to stay proceedings.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988).  When considering a motion to stay an action until the conclusion of reexamination proceedings, courts typically balance three considerations: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set."  *Southwire Co. v. Cerro Wire, Inc.*, 750 F. Supp. 2d 775, 778 (E.D. Tex. 2010); *Veraseal LLC v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00527-JRG, 2018 WL 2183235, at *2 (E.D. Tex. May 11, 2018).  The most important of these factors is whether the reexamination "will result in simplification of the issues."  *NFC Tech. LLC*

*v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015). "A stay may be lifted 'if the circumstances that persuaded the court to impose the stay in the first place have changed significantly.'" *Intell. Ventures I LLC v. HCC Ins. Holdings, Inc.*, No. 6:15-CV-660-JRG-KNM, 2018 WL 11176495, at *1 (E.D. Tex. June 26, 2018) (quoting *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017)).

The Court properly applied its inherent authority to manage its docket by entering the stay in the first instance.  At that time, in deciding to deny SynQor's prior attempt to lift the stay prematurely, the Court correctly concluded that the circumstances which caused the case to be stayed had not changed significantly, and all three of the relevant factors continued to weigh in favor of a stay.  (Dkt. 293).  The factors supporting a stay have not materially changed.  As a result, the stay should remain in place.

## A.   SynQor Will Not Be Prejudiced by a Continued Stay

The Court has repeatedly concluded that SynQor is not prejudiced by the mere passage of time given that the patents-in-suit have expired and there is no possibility of injunctive relief.  (*See* Dkt. 253 (recognizing that "a stay will not diminish the monetary damages to which SynQor will be entitled if it succeeds in its infringement suit") (citing *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)); *see also* Dkt. 293, 296).  Indeed, SynQor's assertions of prejudice in its Motion due to further delays are undercut by its acknowledgment that the only potential remedy is damages, which can take full account of any purported harm resulting from delay.  (Dkt. 302 at 7).  Moreover, delay alone does not constitute prejudice because delay in the vindication of patent rights occurs in every stay.  *NFC Tech.*, 2015 WL 1069111 at *2.

SynQor errs in asserting that the prejudice calculation as a result of the stay has changed because "the already long delay in this case has become exceptional." (Dkt. 302 at 6).  The

stipulated stay in this case is still contingent, as it always has been, on the pendency of reexamination proceedings and the related appeals.  (Dkt. 281, 282, 293).  These proceedings are still in progress with respect to the '190 and '290 patents, and therefore, under the stay's own terms, it should remain in place.[2]  While SynQor asserts that "courts have recognized that longer delays, particularly after an action has already been stayed pending a first decision from the Patent Office, impose significant prejudice on a patent owner" (Dkt. 302 at 6), none of the cases it cites was subject to a stipulated stay that (as here) contemplated the completion of all reexamination proceedings and the related appeals.  *See Intell. Ventures I LLC v. HCC Ins. Holdings, Inc.*, No. 6:15-CV-660-JRG-KNM, 2018 WL 11176495, at *2 (E.D. Tex. June 26, 2018) ("Plaintiffs point out that the Court originally found this factor neutral, in part, because Defendants only requested a stay pending a final written decision from IPR, not an appeal from IPR."); *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 624 (E.D. Tex. 2017) ("On November 3, 2015, this court stayed the case pending inter partes review ('IPR') of the patents-in-suit by the Patent Trial and Appeal Board ('PTAB') of the Patent and Trademark Office ('PTO').")); *Realtime Data LLC v. Hewlett Packard Enter. Co.*, No. 6:16-CV-00086-RWS, 2018 WL 3608544, at *1 (E.D. Tex. July 27, 2018) ("On February 3, 2017, the Court granted Defendants' motions to stay these actions pending

---

[2]  Moreover, SynQor's own conduct has contributed to the length of the reexamination and appeal proceedings.  For example, in each of the '190 and '290 reexaminations, when the PTAB issued decisions asserting new grounds for rejection of those patents, SynQor chose to re-open prosecution under 37 C.F.R. § 1.977(b) rather than appealing directly to the Federal Circuit.  (Ex. 1-2, 4, 8-9, 11).  In so doing, SynQor provoked additional briefing from the parties under 37 C.F.R. § 41.77(b)(1) in advance of a further decision by the Examiners.  (Ex. 2-3, 5, 9-10, 12).  This was then followed by yet another round of briefing, which has been recently submitted in the '290 reexamination and which led to the PTAB's affirmance of the claim rejections in the '190 reexamination.  (See Ex. 6-7, 13-15).  All of this conduct—which has unreasonably extended the life of the reexaminations for the two asserted patents whose proceedings are ongoing—is inconsistent with SynQor's current claim of prejudice based on the length of the reexaminations and related appeals.

IPR."). These inapposite decisions are therefore outweighed by the Court's own analysis of whether or not circumstances have sufficiently changed to warrant lifting the stay specifically in view of the parties' stipulation.

Here, SynQor was well aware of how long the reexamination process could take, as it advised the Court shortly before agreeing to the stay that "final decisions are still years away"— yet it still agreed to the terms of a stay that included the reexamination proceedings *and* the related appeals. (Dkt. 250 at 2; Dkt. 281). A party's objection that the reexaminations and related appeals are taking longer than expected or desired does not by itself justify lifting a stay. *See Cheetah Omni, LLC v. Levvel 3 Comm'ns, Inc.*, No. 5:06CV101, 2011 WL 13244215, at *1–2 (E.D. Tex. May 12, 2011) ("Plaintiff's continued reliance on the length of the reexamination proceedings does not justify lifting the stay at this time.") (Craven, J.); *see also Cheetah Omni, LLC v. Level 3 Comm'ns, Inc.*, No. 5:06CV101, 2010 WL 11469013, at *2–4 (E.D. Tex. Apr. 16, 2010) (Craven, J.) (denying the plaintiff's motion to lift the stay because "the value of the stay has not yet been fully realized"). Moreover, preemptively lifting the stay now would prejudice Vicor by imposing on it litigation costs that could be avoided by awaiting the final outcome of the reexaminations and appeals for both the '190 and '290 patents. The length of the stay is therefore not a "changed circumstance" that warrants reconsideration of the parties' agreement.

SynQor's remaining assertions of prejudice involve previously raised concerns regarding reputational harm and loss of evidence that have already been considered and rejected. (*See* Dkt. 287 at 6; Dkt. 291 at 3; Dkt. 293 at 5; Dkt. 296 at 6). Indeed, concern regarding reputational harm is highly speculative and not a sufficient ground to lift the stay. *See, e.g.*, *S. J. Stile Assocs. Ltd. v. Snyder*, 646 F.2d 522, 526 (C.C.P.A. 1981) (declining to "substitute its judgment" for the lower tribunal's "[i]n view of the speculative nature of the proof of alleged irreparable harm"). SynQor's

purported concern regarding loss of evidence is likewise an inadequate basis to lift a stay. *See VirtualAgility*, 759 F.3d at 1319 ("It is undoubtedly true . . . that with age and the passage of time, memories may fade and witnesses may become unavailable. Without more, however, these assertions here are not sufficient to justify a conclusion of undue prejudice."); *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (finding that the concern of loss of documentary and testimonial evidence during a continued stay "is entitled to some weight, although the Court notes that the concern is general in nature, rather than specific"); *Interwoven, Inc. v. Vertical Computer Sys., Inc.*, No. C10-04645RS, 2012 WL 761692, at *3 (N.D. Cal. Mar. 8, 2012) (finding "delay by itself does not necessarily constitute undue prejudice, as nearly every judicial stay involves delay")).

Thus, there are no new circumstances warranting a finding that the agreed-upon stay is causing undue prejudice to SynQor and this factor weighs in favor of denying SynQor's motion.

**B.**     **The Remaining Reexamination Proceedings Can Further Simplify the Case**

The stay has already simplified the issues in this case by entirely eliminating one of the four asserted patents (the '021 patent). Lifting the stay when *inter partes* reexamination and appeal proceedings remain ongoing for two of the three remaining patents risks upending the substantial simplification of issues that has been achieved since the parties originally agreed to the stay. SynQor's argument that the prospects of further simplification are too remote to continue the stay not only ignores the terms of the stipulation entered into by the parties but also improperly discounts the status of the ongoing proceedings related to the '190 and '290 patents. A lift of the stay now, as opposed to after the reexaminations and related appeals reach final resolution with respect to these patents, would surely increase the complexity of this litigation.

With respect to the '290 patent, SynQor asks the Court to ignore the parties' agreement and instead sever the patent into a separate case, requiring the Court to hear the claims and defenses related to the '290 patent case at some later point should any claims of that patent ultimately survive the reexamination proceedings and related appeals. Far from simplifying the issues in question though, SynQor's proposal would greatly complicate the issues before the Court by potentially requiring two separate trials for patents directed to the same technology based on the same specification against the same accused products. By proposing to split its claims into two actions, SynQor is seeking to prevent the jury from hearing facts concerning its alleged inequitable conduct as it relates to the '290 patent at the same time that SynQor's claims of infringement against Vicor on a related patent, with the same specification, are heard.

In short, SynQor has provided no basis to revisit this Court's original conclusion that maintaining the agreed-upon stay until all pending reexamination proceedings and related appeals are finally resolved would continue to simplify this case. Thus, the "simplification" factor weighs in favor of maintaining the stay.

### C.   **The Principles of Judicial Economy Favor a Continued Stay**

Finally, this Court has already noted that the stay will reduce the substantial expenditures of time needed to prepare for and preside over a jury trial (to say nothing of the time of the jury). If the stay is lifted in this case, the Court would need to resolve numerous motions for summary judgment and various expert-related motions. It would then need to resolve scores of evidentiary disputes at the pretrial conference. Significant additional expense and work would then, of course, be associated with the trial itself. *See Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) (noting that the case had not gone to trial, so "the most burdensome task is yet to come"). A full trial at this stage, with the potential of a second trial at some point later if SynQor were to

be successful in reviving any claims from the '290 patent, would require establishing an expensive new record, which would then face the same threat of lengthy appeals and the same delays related to remands that SynQor ascribes to the reexaminations.  Thus, the principles of judicial economy still strongly favor a stay.

## III.     CONCLUSION

For the foregoing reasons, SynQor's Motion to Lift the Stay should be denied.


Dated: March 31, 2021                      Respectfully submitted,

By: */s/ Eric H. Findlay*
Charles Kramer Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Sean S. Pak (*pro hac vice*)
seanpak@quinnemanuel.com
Linda J. Brewer (*pro hac vice*)
lindabrewer@quinnemanuel.comc
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6600
Facsimile: 415-875-6700

Eric H. Findlay, Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
102 North College Ave.
Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

Lawrence K. Kolodney (*pro hac vice*)
kolodney@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878

10

Telephone: 617-542-5070
Facsimile: 617-542-8906


*Attorneys for Defendant Vicor Corporation*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served by electronic mail on March 31, 2021 to all counsel of record who are deemed to have consented to electronic service.


*/s/ Eric H. Findlay*
Eric H. Findlay

11