UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SynQor, Inc.<br><br>      Plaintiff,<br><br> v.<br><br>Vicor Corporation<br><br>      Defendant. | Civil Action No. 2:14-CV-287-RWS-CMC<br><br>**JURY TRIAL DEMANDED** |

**JOINT SUBMISSION IN ADVANCE OF JANUARY 12 STATUS
CONFERENCE TO ADDRESS RESTARTING THE CASE AFTER STAY LIFTED**

Plaintiff SynQor, Inc. ("SynQor") and Defendant Vicor Corp. ("Vicor") hereby submit a list of the issues they believe need to be addressed at the January 12, 2022 status conference. In the Court's Order that lifted the stay in this case, the Court indicated that it would address the following at the upcoming conference:

> the Court will address SynQor's proposal to dismiss the '290 patent, the Court's inclination to deny any pending motions without prejudice to refiling under an expedited schedule, and District Judge Schroeder's availability for a realistic, but prompt, trial setting.

Dkt. 311 at 12 (footnote omitted). The Court also instructed the parties to provide, "in advance of the status conference, a list of any additional issues to be addressed." *Id.* And, in its Order resetting the status conference to January 12, the Court ordered the parties to submit their issues by January 5. Dkt. 312 at 1. The parties have differing perspectives regarding the issues to address, as set forth below.

### SynQor's Additional Issues

SynQor notes that the Court's Order lifting the stay specifically found as follows regarding the case:

> "SynQor's decade-old claims of infringement of the '190 and '702 patents are ready for trial, and should move forward." The Court agrees with the positions stated by SynQor in its briefing, and for the reasons stated therein, is of the opinion the stay should be lifted at this time.

Dkt. 311 at 11 (citation omitted). Particularly in view of the Court's findings when lifting the stay, SynQor believes that the additional issues to address, some of which overlap in part with the Court's issues, are:

1. SynQor's Motion to Compel Vicor to Provide Supplemental Discovery to Facilitate the Setting of a New Case Schedule After the Lifting of the Stay (Dkt. 313).

2. Setting a schedule for supplemental fact and expert discovery (in addition to what is requested in SynQor's motion per point 1 above) to address Vicor's continued sales of the accused products from the last time sales data was produced (August 2014) to the expiration of the asserted patents (January 2018), to occur before renewed summary judgment and Daubert motion deadlines and other pretrial submission deadlines.

3. Determining the scope of that supplemental discovery.

4. Setting deadlines for renewed summary judgment and *Daubert* motions, and determining whether any of the pending motions should be decided on the papers rather than denied without prejudice to refiling.

5. Determining available trial dates for a jury trial in Marshall, and setting pretrial dates (motions *in limine*, exhibit lists, witness lists, deposition designations, pretrial conference,

etc.) based on the available trial dates and the expected length of time needed for supplemental fact and expert discovery per points 1, 2 and 3 above.

6.      Determining whether patents other than the '190 and '702 patents (i.e., the '290 and '021 patents), and all counterclaims relating to these other SynQor patents, should be dismissed from the case, and if so, when?

**Vicor's Additional Issues**

As this Court previously observed, "there is still substantial work that needs to be done by the Court and the parties before this case will be ready for trial." Dkt. 253. The Court therefore implemented the stay to "avoid the expenditure of significant resources that would [otherwise] go into trial preparation and trial." *Id.* Specifically, the Court noted that the "reexaminations will streamline the case" because, "[f]or any remaining issues, the Court will have the benefit of the PTO's review." *Id.* The reexaminations have in fact resulted in many asserted claims (including '190 patent claims and all of the asserted claims of the '021 patent) being rendered unpatentable and have provided additional intrinsic evidence of non-infringement.

For all remaining claims, Vicor believes that the pre-stay record justifies dispositive relief of non-infringement. And, those arguments have now only become stronger due to the positions taken by SynQor throughout the reexaminations. Accordingly, in the interest of sparing party and judicial resources, Vicor believes the Court should set an expedited briefing schedule for a renewed summary judgment motion of no direct infringement, with all other motions on ancillary issues deferred. Vicor believes its renewed motion will be dispositive of SynQor's remaining patent infringement claims, rendering moot seven of the pending summary judgment and *Daubert* motions and eliminating the need for any further fact discovery. At a minimum,

Vicor's motion will eliminate the vast majority of accused products from the case, significantly streamlining the case, and more narrowly framing any additional discovery and issues that must be resolved. Accordingly, Vicor proposes the following issues for discussion at the conference, in addition to the ones the Court has identified:

1. The process for, and timing of, the filing of Vicor's renewed summary judgment motion of no direct infringement.

2. Whether the interests of judicial economy support Vicor's request for deferral of supplemental discovery on the accused products until after the Court has resolved the issue of no direct infringement, due to the likelihood that any further discovery will be moot once the Court has made that determination.

3. Whether the Court should defer resolution of the following pending summary judgment and *Daubert* motions until after the Court has decided the issue of direct infringement due to the likelihood that they will be rendered moot: (i) SynQor's motion for summary judgment on Vicor's counterclaims (Dkt. 14); (ii) SynQor's motion for partial summary judgment relating to infringement under 35 U.S.C. § 271(f)(1) (Dkt. 94); (iii) SynQor's motion for summary judgment on Vicor's 35 U.S.C. § 112 defenses and counterclaims (Dkt. 96); (iv) Vicor's motion for summary judgment of no indirect infringement and no willful infringement (Dkt. 100); (v) Vicor's motion for summary judgment of no lost profits (Dkt. 105); (vi) SynQor's *Daubert* motion directed at Vicor's damages expert, Alan Ratliff (damages expert) (Dkt. 97); and (vii) Vicor's *Daubert* motion directed at SynQor's damages expert, Brett Reed (Dkt. 106).

4. The dismissal of the '021 and '290 patents.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:   January 5, 2022 | */s/ Michael D. Hatcher* |
|  | Thomas D. Rein, Lead Attorney (*pro hac vice*) |
|  | trein@sidley.com |
|  | Stephanie P. Koh (*pro hac vice*) |
|  | skoh@sidley.com |
|  | **SIDLEY AUSTIN LLP** |
|  | One South Dearborn |
|  | Chicago, IL 60603 |
|  | Telephone:    312.853.7000 |
|  | Facsimile:    312.853.7036 |
|  |  |
|  | Michael D. Hatcher |
|  | Texas State Bar No. 24027067 |
|  | mhatcher@sidley.com |
|  | **SIDLEY AUSTIN LLP** |
|  | 2021 McKinney Avenue, Suite 2000 |
|  | Dallas, TX 75201 |
|  | Telephone:    214.981.3300 |
|  | Facsimile:    214.981.3400 |
|  |  |
|  | **ATTORNEYS FOR PLAINTIFF** |
|  | **SYNQOR, INC.** |
|  |  |
|  | */s/ Linda J. Brewer* |
|  | Eric H. Findlay, Texas Bar No. 00789886 |
|  | efindlay@findlaycraft.com |
|  | Brian Craft, Texas Bar No. 04972020 |
|  | bcraft@findlaycraft.com |
|  | **FINDLAY CRAFT, LLP** |
|  | 102 North College Avenue, Suite 900 |
|  | Tyler, TX 75702 |
|  | Telephone: (903) 534-1100 |
|  | Facsimile: (903) 534-1137 |
|  |  |
|  | Charles Kramer Verhoeven (*pro hac vice*) |
|  | charlesverhoeven@quinnemanuel.com |
|  | Linda J. Brewer (*pro hac vice*) |
|  | lindabrewer@quinnemanuel.com |
|  | Sean S. Pak (*pro hac vice*) |
|  | seanpak@quinnemanuel.com |
|  | **QUINN EMANUEL URQUHART &** |
|  | **SULLIVAN, LLP** |
|  | 50 California Street, 22nd Floor |
|  | San Francisco, CA 94111 |
|  | Telephone: 415-875-6600 |

5

Facsimile: 415-875-6700

Lawrence K. Kolodney (*pro hac vice*)
kolodney@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210-1878
Telephone: 617-542-5070
Facsimile:  617-542-8906

*Attorneys for Defendant*
*Vicor Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 5th day of January 2022.  Any other counsel of record will be served by first class U.S. mail on this same date.

                                          */s/ Michael D. Hatcher*
                                          Michael D. Hatcher