IN THE UNITED STATES DISTRICT COURT.
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **SYNQOR, INC.** | § | |
|         **Plaintiff** | § | |
| | § | |
| | § | |
| VS. | § | Case No. 2:14-CV-287-RWS-CMC |
| | § | |
| **VICOR CORPORATION** | § | |
|         **Defendant** | § | |

## ORDER

      The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. On November 16, 2021, the Court granted SynQor, Inc.'s Motion to Lift the Stay (Docket Entry # 302), reopening the above-entitled and numbered cause of action after a six-year stay pending reexamination. In the Court's November 16 Order, the Court scheduled the case for a status conference, advising the parties it would address at that time SynQor's proposal to dismiss the '290 patent, the Court's inclination to deny any pending motions without prejudice to refiling under an expedited schedule, and District Judge Schroeder's availability for a realistic, but prompt trial setting, along with any additional issues the parties would provide in advance of the status conference. Docket Entry # 311 at p. 12.

      The Court held the status conference February 2, 2022 and heard the parties' positions on numerous matters. As instructed by the Court, the parties will meet and confer on several issues and will provide the Court a proposed scheduling order incorporating an October 17, 2022 jury selection and trial date in Marshall. In the meantime, as further addressed with the parties at the status conference, the Court hereby denies without prejudice all pending motions in this case, subject to their refiling.

1

Accordingly, it is

**ORDERED** that the following motions are denied without prejudice to refiling: (1) SynQor, Inc.'s Motion for Summary Judgment on Vicor's Counterclaims (Docket Entry # 14); (2) SynQor's Motion for Partial Summary Judgment Relating to Infringement by Vicor for Non-Cisco End Products (Docket Entry # 92); (3) SynQor's Motion for Partial Summary Judgment Relating to Infringement by Cisco's Products Incorporating New CPNs with Vicor Qualified Bus Converters (Docket Entry # 93); (4) SynQor's Motion for Partial Summary Judgment Relating to Infringement by Vicor Under 35 U.S.C. § 271(f)(1) (Docket Entry # 94); (5) SynQor's Motion for Summary Judgment on Defendants' § 112 Affirmative Defenses and Counterclaims (Docket Entry # 96); (6) SynQor, Inc.'s Motion to Exclude Opinions of Alan Ratliff Pursuant to *Daubert* and Fed. R. Evid. 702 (Docket Entry # 97); (7) Defendant Vicor Corporation's Motion for Summary Judgment of No Indirect Infringement and No Willful Infringement (Docket Entry # 100); (8) Defendant Vicor Corporation's Motion for Summary Judgment that Circuits Containing Vicor Bus Converters Do Not Infringe the Asserted SynQor Patent Claims (Docket Entry # 102); (9) Defendant Vicor Corporation's *Daubert* Motion to Exclude Opinions of Dr. Steven Leeb (Docket Entry # 103); (10) Defendant Vicor Corporation's Motion for Summary Judgment of Indefiniteness (Docket Entry # 104); (11) Defendant Vicor Corporation's Motion for Summary Judgment of No Lost Profits (Docket Entry # 105); (12) Defendant Vicor Corporation's *Daubert* Motion to Exclude the Opinions and Testimony of Brett L. Reed (Docket Entry # 106); (13) Defendant Vicor Corporation's Motion for Reconsideration of the Order Denying Vicor's Motion to Exclude New Opinions in the "Rebuttal" Expert Report of Steven Leeb (Docket Entry # 249); (14) SynQor, Inc.'s Motion to Reconsider Order Denying SynQor's Motion to Exclude Infringement Opinions of Dr. Thomas Habetler and Dr. Patrick Chapman Pursuant to *Daubert*

and Fed. R. Evid. 702 (Docket Entry # 251); and (15) SynQor, Inc.'s Objections and Motion to Reconsider, Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule CV-72(b), Order (Dkt. 253) on Vicor Corporation's Motion to Stay (Docket Entry # 258).

 **IT IS SO ORDERED.**

 **SIGNED this 2nd day of February, 2022.**

                */s/ Caroline M. Craven*
                CAROLINE M. CRAVEN
                UNITED STATES MAGISTRATE JUDGE