## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION



SYNQOR, INC.,

   Plaintiff,

v.

VICOR CORP.,

   Defendants.

§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. 2:14-CV-00287-RWS-JBB

## <u>ORDER</u>

Before the Court is the Magistrate Judge's Report and Recommendation (Docket No. 368) concerning Vicor's Motion to Dismiss Involuntarily Dismiss of U.S. Patent No. 8,023,290 (the "'290 Patent") (Docket No. 339), SynQor, Inc.'s objections (Docket No. 369) and Vicor Corp.'s responses (Docket No. 373).  Having considered the Magistrate Judge's report and the parties briefing on this motion, SynQor's objections are **OVERRULED-IN-PART** and **GRANTED-IN-PART** for the reasons set forth below and the Magistrate Judge's report and recommendation is **ADOPTED-AS-MODIFIED** below.

## I.  RELEVANT FACTS

SynQor asserts claims of infringement of United States Patent Nos. 7,072,190 (the "'190 patent"), 7,564,702 (the "'702 patent"), 8,023,290 (the "'290 patent") and 7,272,021 (the "'021 patent").  Docket No. 2, ¶¶ 35–58.  In response, Vicor asserted counterclaims of invalidity, unenforceability and sham litigation.  *See generally*, Docket No. 3.  The case was stayed after the PTO's institution of, *inter alia*, reexamination proceedings.  Docket No. 253.  Promptly after the Federal Circuit affirmed the PTO's ruling that the challenged '190 and '702 patent claims were

valid, SynQor sought to lift the stay and obtain a prompt trial date.  Docket No. 302.  But because

the '290 patent reexam was ongoing, SynQor offered to drop the '290 patent.  *See* Docket No. 311

at 4–5.  Partly in response to SynQor's offer, the Magistrate Judge lifted the stay.  *Id.* at 11–12.

At the resultant status conference, first the Magistrate Judge set the case for trial in October

2022.  Docket No. 332 at 7.  SynQor then requested that dismissal of the '290 patent be tied to the

start of the October trial.  *Id.* at 8, 22.  That way, according to SynQor, if trial was further delayed

and the '290 patent survived reexam, the parties could proceed with the '290 patent as originally

planned.  *Id.* at 8–10.  Additionally, according to counsel for SynQor, the parties had a general

agreement which was explained as follows:

> [R]egarding the first issue, the [']290 patent, the parties have discussed and I
> believe are in general agreement that both sides will dismiss their claims and
> counterclaims based on the [']290 patent in return for a prompt trial.
>
> To be more specific, if SynQor dismisses the [']290 patent with prejudice, Vicor
> will dismiss with prejudice its inequitable conduct, counterclaim defense that's
> based on that patent, as well, and agree that for its state law counterclaims that
> are all bad faith assertion claims . . . that they will not argue at trial that the
> [']290 was asserted in bad faith.

*Id.* at 6.  Counsel for Vicor did not dispute this representation and instead claimed the only disputed

issue was regarding the "timing" of the dismissal.  *Id.* at 33.  In response, the Magistrate Judge

asked the parties to work on an agreement regarding the dismissal's timing.  *Id.* at 31.  No

agreement, however, was reached.  The gist of the last proposed stipulation—offered by Vicor—

is:

- Immediate dismissal of SynQor's '290 infringement claims *with prejudice*; and
- Immediate dismissal of Vicor's '290 counterclaims *without prejudice*.

*See* Docket No. 345-3 at 1; Docket No. 345-4 at 3.

Vicor then moved for involuntary dismissal of SynQor's '290 infringement claims but with

a corresponding order regarding the '290 counterclaims missing.  Docket No. 339.  SynQor

opposed and urged the Court to dismiss all '290 claims and counterclaims triggered by the start of

trial.  Docket No. 345 at 2.  The Magistrate Judge's report granted Vicor's motion and dismissed

the '290 infringement claims but left the '290 counterclaims without squarely addressing the

parties' arguments about the '290 counterclaims.  Docket No. 368 at 12–13.  SynQor filed

objections, and Vicor responded.  Docket Nos. 369, 373.

During this time, the '290 reexam has since resulted in invalidity of the '290 claims, a

decision that is now on appeal.  Docket 373 at 1 n.1.

## II.     LEGAL STANDARDS

The Court reviews a magistrate judge's report and recommendation in light of any filed

objections.  28 U.S.C. § 636(b)(1); *Wallace v. Mississippi*, 43 F.4th 482, 394–96 (5th Cir. 2022).

The portions of the report and recommendations objected to are reviewed *de novo,* while the

remainder is reviewed for clearly erroneous factual findings and legal conclusions.  28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000); *United

States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); *Poe*, 2018 WL 4275839 at *2.  "A finding

is clearly erroneous only if it is implausible in the light of the record considered as a whole."  *St.

Aubin v. Quarterman*, 470 F.3d 1096, 1101 (5th Cir. 2006).

Trail courts are vested with the inherent power "to manage their own affairs so as to achieve

the orderly and expeditious disposition of cases."  *Link v. Wabash R.R. Co*., 370 U.S. 626, 630–31

(1962); *Santamaria v. Todd Ins. Agency*, 231 F.R.D. 246, 248 (E.D. Tex. 2005).  Federal Rule of

Civil Procedure 41(b) allows for the involuntary dismissal of a cause of action upon motion by the

defendant.  The court must, however, exercise "restrain and discretion" in granting such motions

based on Rule 41(b).  *Woodson v. Surgitek, Inc*., 57 F.3d 1406, 1417 (5th Cir. 1995).  Equitable

estoppel and judicial estoppel are both sufficient bases for granting such motions.

Equitable estoppel is a complete defense to a patent infringement claim. *A.C. Aukerman Co. v. R.L. Chaides Const. Co*., 960 F.2d 1020, 1041 (Fed. Cir. 1992) (en banc), *abrogated on other grounds by SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954 (2017).  "Equitable estoppel applies where (1) misleading conduct (or silence) leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer, (2) the alleged infringer relies on that conduct and (3) due to this reliance, the alleged infringer is materially prejudiced because the patentee is allowed to proceed with its claim."  *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-201-JRG-JDL, 2017 WL 6268800, at *4 (E.D. Tex. Dec. 8, 2017).

Judicial estoppel aims to protect the integrity of the judicial process by prohibiting a party from intentionally taking inconsistent positions in the same or related litigation so as to avoid unfair results.  *Transclean Corp. v. Jiffy Lube Int'l, Inc*., 474 F.3d 1298, 1307 (Fed. Cir. 2007).  In applying judicial estoppel, the Fifth Circuit looks to (1) whether a party has intentionally taken a position inconsistent with a prior position; (2) whether a court accepted the prior position and (3) whether the party taking inconsistent positions derives an unfair advantage or imposes an unfair detriment on the opposing party.  *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001); *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc).

Lastly, a district court has the discretion to dismiss patent-based counterclaims as moot following disposition of infringement claims for the same patent.  *See Alexsam, Inc. v. Simon Property Group, L.P.*, No. 2:19-CV-00331-RWS-RSP, Docket No. 474, *adopted in full in* August 22, 2022 Order, Docket No. 477.

III.    **ANALYSIS**

The Magistrate Judge's report recommended granting Vicor's motion.  According to the

Magistrate Judge, the order lifting the stay "was heavily influenced by SynQor's proposal to dismiss the '290 patent if a reasonably prompt trial date could be set."  Docket No. 368 at 13. Noting that SynQor agrees a prompt trial date had been set, thus satisfying all of the conditions SynQor originally set for dismissal of SynQor's claim for infringement of the '290 patent, the Magistrate Judge recommended that the Court "exercise its discretion here and dismiss with prejudice the '290 patent at this time." *Id.* at 13–14.

SynQor objects to the report, arguing as follows: (1) Vicor cannot be prejudiced by the inclusion of the '290 issues, which Vicor itself seeks to inject into the case by its '290 counterclaims; and (2) the report should have also addressed Vicor's counterclaims relating to the '290 patent.  Docket No. 369 at 4–6.  At this stage, all parties agree SynQor's claim for infringement of the '290 patent should be dismissed.  But unlike the discussion at the status conference where the only thing at issue was the timing of the dismissal of the '290 claims, Vicor now also contests whether all claims and counterclaims *should* be dismissed, instead arguing that only SynQor's '290 infringement claims warrant dismissal.

First, with respect to the issue of timing, the Court agrees with the Magistrate Judge that any dismissal related to the '290 patent should not be delayed.  SynQor's original offer to drop the '290 patent if the Magistrate Judge lifted the stay and scheduled a prompt trial alone warrants dismissal without delay.  Docket No. 368 at 13–14.  Indeed, as conceded by SynQor's counsel at the February 2, 2022 status conference, a reasonably prompt trial is set to begin this month which should trigger the dismissal of the '290 patent as originally offered by SynQor.  Docket 332 at 6. Thus, both the principles of equitable and judicial estoppel warrant that SynQor should be held to its word.  *A.C. Aukerman Co.*, 960 F.2d at 1041; *Transclean Corp.*, 474 F.3d at 1307.

Further, as noted by Vicor, preparing for trial with the possibility that the '290 patent may

resurface not only creates difficulties in preparing for trial but would also create confusion in the future for the parties and the Court. Docket No. at . Lastly, Vicor represented to the Court that it would not attempt to delay trial absent truly unforeseen circumstances and that Vicor's prior concern regarding its lead counsel's availability has been allayed since it has secured alternate lead counsel. *See* Docket No. 346 at 3–4. The Court agrees with the Magistrate Judge's rationale crediting Vicor's arguments on this issue. Therefore, the Court sees no reason why SynQor's '290 claims should not be dismissed at this time and overrules SynQor's objections on this issue.

The remaining issue is whether Vicor's '290 counterclaims should remain.[1] In its objections, SynQor argues that the Magistrate Judge's report did not squarely address the "tension" between the Magistrate Judge's decision to dismiss the '290 infringement claims "while keeping the '290-related counterclaims, which raise these very issues." Docket No. 369 at 4. Vicor, however, has argued in various briefing before the Court that it has asserted "a unique inequitable conduct defense and counterclaim" with respect to the '290 patent which "serves as an independent basis for precluding summary judgment on the state law counterclaims" and which is "supporting evidence" regarding Vicor's state law counterclaims. *See* Docket No. 360 at 7; *see also* Docket No. 433 at 1. Additionally, in its response to SynQor's objections, Vicor states its '290 counterclaims are directed to SynQor's inequitable conduct associated with the prosecution of the '290 patent and do not "hinge on the merits of SynQor's '290 patent claims" or "focus on the merits of SynQor's '290 patent," as SynQor represents. Docket No. 373 at 4. According to Vicor, keeping the '290-related counterclaims does not frustrate the Court's purpose in lifting the stay.

---

[1] Vicor's argument that SynQor waived any argument related to its objection concerning Vicor's '290 counterclaims is unavailing. Docket No. 373 at 3. This issue was raised by the parties as early as the first post-stay status conference and was central to the breakdown of negotiations between the parties. Docket No. 332 at 6. It does not appear that SynQor waived its argument on this issue.

*Id.* The Court disagrees.

First, the Court finds that the principles and reasoning regarding Vicor's estoppel-based arguments apply equally to Vicor's behavior and position regarding its '290 counterclaims. *Transclean Corp.*, 474 F.3d at 1307. As noted above, Vicor previously took the position that the only remaining issue to be decided was the timing of the dismissal. Docket No. 332 at 33. Indeed, based on the record, Vicor's decision to backtrack on its original proposal to dismiss both '290 infringement claims and counterclaims with prejudice appears to be an important reason that an agreement between the parties was never reached. *See*, *e.g.*, Docket No. 345-3 at 1. Further, Vicor's state law-based counterclaims allege sham litigation. *See*, *e.g.*, Docket No. 3 at ¶¶ 54-73. Indeed, as SynQor argues, trying Vicor's sham litigation claims, *i.e.*, that SynQor's assertion of the '290 patent was, among other things, objectively baseless, requires assessing the '290 infringement claims—one of the very issues the dismissal sought to avoid. *See 800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354, 1369 (Fed. Cir. 2008) ("The objective component requires a showing that the infringement allegations are objectively baseless."). Lastly, based on this Court's precedent, dismissal of the '290 infringement claims alone can serve as a basis for dismissal of the corresponding counterclaims, and, therefore, equal treatment of the '290 claims and counterclaims is warranted. *Alexsam, Inc.*, No. 2:19-CV-00331-RWS-RSP, Docket No. 474 at 3–4 (finding Federal Circuit precedent allows courts to dismiss counterclaims when the question of infringement of the corresponding patent is mooted).

## IV.    CONCLUSION

For the foregoing reasons, the report and recommendation of the Magistrate Judge is adopted in so much that it orders the immediate dismissal of SynQor's '290 infringement claims with prejudice. The recommendation is, however, modified such that Vicor's '290 counterclaims

and the portions of Vicor's state law-based counterclaims based on the allegations that SynQor alleged the '290 infringement claims in bad faith, along with any corresponding affirmative defenses, are also dismissed with prejudice.  It is therefore

ORDERED that Defendant Vicor Corporation's Motion for the Involuntary Dismissal of the '290 Patent (Docket No. 339) is **GRANTED**.  It is further

ORDERED that that the Fourth Claim for infringement of the '290 patent and Vicor's Affirmative Defenses and Eighth and Ninth Counterclaims relating to the infringement, validity and enforceability of the '290 patent are **DISMISSED WITH PREJUDICE**.  It is further

ORDERED that Vicor may not rely on SynQor's assertion of the '290 patent as a predicate basis for Vicor's state law counterclaims.

**So ORDERED and SIGNED this 5th day of October, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE