UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYNQOR, INC. | § | |
| | § | |
| V. | § | No. 2:14-CV-287-RWS-JBB |
| | § | |
| VICOR CORPORATION | § | |

### AMENDED ORDER ON MOTIONS *IN LIMINE*[1]

Following oral argument at the October 6, 2022 pretrial conference, the Court issues the following amended order on the parties' motions *in limine* (Dkt. Nos. 538, 546) and the joint agreed motion *in limine* (Dkt. No. 552). All rulings on the motions *in limine* are preliminary and are not final evidentiary rulings. To the extent the Court grants an *in limine* item, the parties are instructed to approach the bench before addressing the issue in front of the jury. To the extent an *in limine* item is denied, the parties must make their objection for the record at trial.

### SYNQOR'S MOTION *IN LIMINE* (Dkt. No. 538)

1) **Preclude Vicor from offering evidence concerning any alleged good faith belief in invalidity or non-infringement, including by suggesting that any alleged good faith belief is bolstered by Vicor's filing of its Complaint For Declaratory Judgment, Vicor's positions in this suit, or any positions it took in reexaminations**

The Court, having considered the parties' positions, is of the opinion this *in limine* item should be, and is therefore, **GRANTED-IN-PART and DENIED-IN-PART as follows**.

---

[1] Based on argument at the pretrial conference, the Court updated its rulings in SynQor's Motion in *Limine* Nos. 6-8 and Vicor's Motion in *Limine* Nos. 1-3, 5, and 8.

SynQor offers two reasons in support of this *in limine* item: (1) Vicor has not disclosed an opinion of counsel defense (Vicor served a privilege log listing an opinion of counsel dated August 22, 2011, but Vicor listed no related documents and produced no documents subject to a claim of privilege); and (2) lay testimony from Vicor's principal and CEO, Patrizio Vinciarelli, as to Vicor's allege good faith beliefs in invalidity or non-infringement would be improper because Dr. Vinciarelli did not submit an expert report and his intended testimony uses privilege as a sword and shield. Dkt. No. 538 at 1-2. On the first issue, Vicor represents it does not intend to rely upon an opinion of counsel at trial because it previously withheld this opinion on the grounds of attorney-client privilege and work product protection. Dkt. No. 574 at 1. For this reason, Vicor asserts the Court should also preclude SynQor from mentioning Vicor's opinion of counsel to the jury, presenting documents to the jury concerning the opinion of counsel, or making any argument regarding Vicor's opinion of counsel or a lack of an opinion of counsel.

On the second issue, Vicor asserts Dr. Vinciarelli's firsthand knowledge regarding Vicor's good faith belief in non-infringement and invalidity is squarely within his personal knowledge and relevant to Vicor's defense to the indirect liability and willfulness issues. Dkt. No. 574 at 1-2.

The first part of SynQor's *in limine* item is **GRANTED as modified**. Given Vicor's decision to make no disclosure pursuant to Patent Rule 3-7, Vicor is precluded from arguing or suggesting to the jury that, based on advice or input from counsel, it had a good faith belief in non-infringement or invalidity, including through the testimony of Dr. Vinciarelli. Additionally, as set forth in the Court's ruling on Vicor's *in limine* request 6, SynQor is permitted to introduce evidence or arguments regarding the fact that Vicor is not relying on an opinion of counsel at trial, but SynQor cannot indicate Vicor had an affirmative duty to seek an opinion of counsel, that any

adverse inference should be drawn as to what the content of an opinion of counsel is/would have been, or that Vicor withheld an opinion of counsel on privilege grounds.

The second part of SynQor's *in limine* item is **GRANTED-IN-PART and DENIED-IN-PART**. Dr. Vinciarelli may not provide any invalidity or non-infringement analysis or opinions that would require an expert report under FED. R. EVID. 702. *Maxell, Ltd. v. Apple Inc.*, Civil Action No. 5:19-CV-00036-RWS, 2021 WL 3021253, at *3 (E.D. Tex. Feb. 26, 2021). However, Dr. Vinciarelli is allowed to testify as to issues within his personal knowledge – separate and apart from any advice of counsel (or any other testimony related to subjects to which he claimed any privilege) – regarding the design and development process of Vicor's products, what actions Vicor took upon learning of these patents, and how and why Vicor formed its alleged good faith belief that the patents were not infringed. This would include Vicor's decision to file its declaratory judgment action in January 2011. Dkt. No. 383-20.

SynQor may raise an objection at trial to any testimony it feels is unduly prejudicial, and the Court will entertain proposals for a limiting instruction, if necessary.

**2)  Preclude Vicor from offering testimony from non-expert witness Dr. Stiegerwald on the scope and content of the prior art**

This *in limine* item is **GRANTED-IN-PART and DENIED-IN-PART as follows**. Non-expert witness Dr. Steigerwald, the named inventor on asserted prior art patents, may not opine on what the prior art references would teach a hypothetical person skilled in the art, what a person of ordinary skill would have been motivated to do or could have done based on that teaching, what the meaning of any claim terms are (even if they appear in his own patents), or what is disclosed

by the claims of the patents.[1] However, he may provide facts regarding his own patents and prior art as topics within his personal knowledge. *Maxell, Ltd. v. Apple Inc.*, Civil Action No. 5:19-CV-00036-RWS, 2021 WL 3021253, at *1–2 (E.D. Tex. Feb. 26, 2021). Dr. Steigerwald may testify regarding his background and experience in order to provide an appropriate foundation for his fact testimony. *Id.* (citing FED. R. EVID. 602 (a witness must lay a foundation establishing personal knowledge of the facts forming the basis of his or her testimony)). Vicor shall not refer to Dr. Steigerwald as an expert witness, and Dr. Steigerwald may not provide any opinions that deviate from his personal knowledge or would require an expert report under FED. R. EVID. 702. *Id.* (citing FED. R. EVID. 701).

SynQor may raise an objection at trial to any testimony it feels is unduly prejudicial, and the Court will entertain proposals for a limiting instruction regarding Dr. Steigerwald's role as a fact witness, if necessary.

**3)   Preclude Vicor from offering testimony from non-expert witness Dr. Vinciarelli on the scope and content of the prior art**

This *in limine* item is **GRANTED-IN-PART and DENIED-IN-PART**. Dr. Vinciarelli may not offer opinion testimony regarding the prior art disclosures as they relate to the asserted claims in the context of Vicor's belief that the patents-in-suit are invalid or the meaning of claim terms. However, as noted above, Dr. Vinciarelli may testify as a lay witness based on his personal knowledge regarding the power converter technology at issue and the relevant state of the art at the time of the claimed inventions. Dr. Vinciarelli may testify regarding his background and experience in order to provide an appropriate foundation for his fact testimony. *See* FED. R. EVID.

---

[1] According to Vicor, Dr. Steigerwald does not compare the prior art to SynQor's asserted patents or otherwise offer expert invalidity opinions. Dkt. No. 574 at 9.

602 (a witness must lay a foundation establishing personal knowledge of the facts forming the basis of his or her testimony). Dr. Vinciarelli may not provide any opinions that deviate from his personal knowledge or would require an expert report under FED. R. EVID. 702. FED. R. EVID. 701.

SynQor may raise an objection at trial to any testimony it feels is unduly prejudicial, and the Court will entertain proposals for a limiting instruction regarding Dr. Vinciarelli's role as a fact witness, if necessary.

**4)    Preclude argument and evidence regarding reexamination proceedings**

This *in limine* item is **GRANTED-IN-PART and DENIED-IN-PART as follows**.

Vicor seeks to present evidence and argument regarding the reexamination proceedings initiated by Vicor and '497 defendant Murata Corp. against any patent claim that is or was asserted against Vicor in this case. Although the probative value of evidence relating to an ongoing reexamination can be substantially outweighed by its prejudicial effect, all of the '702 patent reexaminations are complete. Similarly, certain claims of the '190 patent were found anticipated by the Federal Circuit. *See SynQor, Inc. v. Vicor Corp.*, No. 2019-1704 (Fed. Cir. Feb. 22, 2021). According to Vicor, while other issues regarding the '190 patent have been remanded and are still under reexamination, the anticipatory finding of certain claims of the '190 patent have resulted in those claims being cancelled once and for all. Vicor claims the extensive reexaminations, resulting in the cancellation of many previously asserted claims and one entire patent, are also highly relevant to SynQor's willfulness allegations, consideration of nonobviousness for all the remaining patent claims, and damages. Dkt. No. 574 at 15-16 (citing Dkt. No. 574-9 (Magistrate Judge Everingham allowing in the '497 case certain of defendants' exhibits related to the reexamination materials, but limiting their use to willful infringement); also citing Dkt. No. 579-10 (SynQor's motion to dismiss its willfulness claim and exclude evidence of reexaminations based on concerns

5

of jury confusion and undue prejudice)). Only after SynQor dropped its claim of willful infringement were the reexaminations ultimately excluded.

The Court does not find, as urged by SynQor, that any probative value of the reexaminations is now outweighed by the risk of jury confusion. However, for the reasons stated below regarding SynQor's *in limine* item 5, the Court does preclude Vicor from presenting evidence and argument regarding the reexamination proceedings initiated by Vicor and Murata against any patent claim SynQor was formally, but is no longer, asserting against Vicor in this case.

5) **Preclude argument and evidence regarding the validity of unasserted patents and claims**

The Court, having considered the parties' positions, is of the opinion this *in limine* item should be, and is therefore, **GRANTED**. To the extent willfulness remains in the case, Vicor may approach the bench to seek leave to address the invalidation of any unasserted claims.

6) **Preclude argument and evidence that the asserted claims require "cross-coupled" controlled rectifiers**

This *in limine* item is **GRANTED as worded and as modified**. "Vicor unequivocally does not intend to argue that the claimed inventions or the Court's construction require 'cross-coupled' controlled rectifiers; instead, Vicor intends to inform the jury of the patent's teachings and compare those teachings with the accused products." Dkt. No. 574 at 21. Dr. Habetler may not map the embodiments to the claims or imply that the claims require "cross-coupled" controlled rectifiers. When discussing the embodiments, he must be clear they are examples. However, if SynQor asserts a doctrine of equivalents argument, Dr. Habetler may compare the preferred embodiments to Vicor's products when discussing the test(s) for doctrine of equivalents, in a manner consistent with Dr. Habetler's expert report <u>and</u> the Court's claim construction rulings.

**7)** **Preclude argument and evidence that the asserted claims exclude "resonant converters" (as a class)**

This *in limine* item is **GRANTED as clarified at the pretrial conference**. Vicor is precluded from presenting evidence or argument that it does not infringe, literally or equivalently, because its accused bus converters are resonant, outside of the presentation of the function way result test for the doctrine of equivalents for its specific converters.

**8)** **Preclude Vicor from presenting arguments and evidence directed to the allegations set forth in Vicor's state law counterclaims**

This *in limine* request is **GRANTED-IN-PART and DENIED-IN-PART as follows**. The request is granted as to evidence or arguments **solely** related to SynQor's assertion of its patent rights or communication of its patent rights or patent litigation. Otherwise, SynQor's request (as to "Kill Vicor" campaign, including that SynQor has specifically targeted Vicor or its customers or overly-aggressive in its competition with Vicor) is denied, to be revisited in the event the Court declines to adopt the Report and Recommendation on Vicor's state law counterclaims or grants SynQor's motion for a separate trial.

**9)** **Preclude evidence relating to, and arguments regarding, SynQor not assigning value to the '54 case**

The Court, having considered the parties' positions, is of the opinion this *in limine* item should be, and is therefore, **GRANTED**.

## VICOR'S MOTION *IN LIMINE* (Dkt. No. 546)

**1)** **Preclude evidence, argument, or testimony regarding non-comparable litigation results**

Pursuant to Federal Rule of Evidence 401 through 403, Vicor requests the Court preclude SynQor from referencing non-comparable litigation results, including (1) the May 17, 2011 settlement agreement with Ericsson, Inc., (2) post-litigation authorization agreements, and (3) the Cisco settlement if the Court grants Vicor's motion to exclude SynQor's damages expert's "unreliable use of it." Dkt. No. 546 at 1-5.

This *in limine* request is **GRANTED-IN-PART and DENIED-IN-PART as follows**. Regarding the Ericsson settlement, Vicor's motion is **granted in part**. SynQor may not refer to the settlement agreement, but may discuss how Ericsson's absence affected the market. However, to the extent Vicor cites at trial the preliminary injunction proceedings and argues it had a good faith belief in non-infringement because SynQor withdrew its request for a preliminary injunction, SynQor may reference evidence, argument, or testimony explaining that at the time it withdrew its request for preliminary injunction, an important reason for the withdrawal was because, after filing, Ericsson stipulated to a settlement with a permanent injunction, giving SynQor most of what it wanted.

The remaining two subsections are **denied at this time**.

**2)** **Preclude evidence, argument, or testimony regarding certain aspects of the prior '497 case (including the damages award from the '497 case which was carved out of Vicor's MIL No. 1)**

The first part of this *in limine* request is **GRANTED as follows**. SynQor shall not offer findings or conclusions from Civil Action No. 2:07-CV-00497-TJW-CE ("the '497 case") that the '497 jury found Vicor's bus converters infringed SynQor's patents or the jury's specific findings regarding validity. This does not preclude SynQor from discussing the '497 case as part of the

background of this case, including the general result of that litigation and that Vicor was on notice of the general result.

Regarding Vicor's request carved out from MIL No. 1, regarding the damages amount awarded in the '497 case, the *in limine* request is **GRANTED as follows**. SynQor is precluded from referencing the specific amount of damages the jury awarded in the '497 case, the reasonable royalty rate, and the jury's finding of lost profits rate in that prior case. This does not preclude SynQor from asserting there was a finding of infringement as to the '497 defendants, that there was a damages award that included a finding of lost profits, or that Mr. Reed has used a consistent pricing structure when asserting its patent rights before and after the '497 litigation. Nor does this preclude SynQor, as part of its arguments regarding secondary considerations of non-obviousness and commercial success, or from informing the jury the number of infringing units per '497 defendant.

**3)   Preclude evidence, argument, or testimony regarding any alleged copying or competitive analysis of unclaimed or unaccused features**

The first part of this *in limine* request (related to copying by Vicor of the alleged patented inventions based on evidence related to unclaimed or unaccused features) is **GRANTED-IN-PART and DENIED-IN-PART** as follows. SynQor may not rely on Vicor's alleged copying of unclaimed features to establish non-obviousness. SynQor may otherwise assert that Vicor had a pattern of behavior relating to competitive intelligence, reverse engineering, imitating, etc. as proof of Vicor's knowledge of SynQor's patents, Vicor's intent for infringement, or willfulness. *See SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1380 (Fed. Cir. 2013). Whenever possible, SynQor should avoid the use of the words "copied" or "copying" to minimize confusion with secondary considerations.

The second part of this *in limine* (related to the non-accused product line) is **DENIED**.

4)   **Preclude evidence, argument, or testimony regarding Vicor's foreign sales under 35 U.S.C. § 271(f)**

This *in limine* item is **DENIED**.

5)   **Preclude evidence, argument, or testimony regarding Vicor's total revenues, profits, or sales or SynQor's total licensing revenue or revenue from its patents**

The first part of Vicor's motion asks the Court to exclude references to Vicor's total revenues, profits, or sales. Dkt. No. 546 at 11. In the second part, which SynQor asserts goes beyond the dispute on which the parties conferred and attempts to capture two discrete topics into a single item, Vicor also seeks to preclude SynQor's total licensing, litigation, or settlement revenue from its patents. According to Vicor, permitting SynQor to argue that its royalty or lost profits demands are modest compared to Vicor's total revenues would be prejudicial. SynQor asserts the overall financial health of a company is relevant to reasonable royalty.

The first part of this *in limine* item is **GRANTED as follows.** SynQor may not present evidence, argument, or testimony that discloses the dollar amounts of Vicor's total revenues, profits, or sales, but SynQor may present evidence, argument, or testimony regarding the growth or change in Vicor's total revenues, profits, or sales.

The second part of this *in limine* request (related to SynQor's total licensing, litigation, or settlement revenue from its patents) is **DENIED.**

6)   **Preclude evidence, argument, or testimony concerning opinions of counsel**

This *in limine* request is **GRANTED,** consistent with the Court's ruling on SynQor's *in limine* item 1.

SynQor is permitted to introduce evidence or arguments regarding the fact that Vicor is not relying on an opinion of counsel at trial, but SynQor cannot indicate Vicor had an affirmative duty to seek an opinion of counsel, that any adverse inference should be drawn as to what the content

of an opinion of counsel is/would have been, or that Vicor withheld an opinion of counsel on privilege grounds.

7) **Preclude evidence, argument, or testimony regarding personal wealth of the witnesses**

This *in limine* item is **GRANTED**, **as modified**. The Court orders this item to be mutual as to SynQor's witnesses. Both sides are precluded from introducing evidence of the personal wealth, income, and/or net worth of fact witnesses. This does not preclude SynQor from showing the jury relevant evidence regarding the specific financial relationship between Mr. Vinciarelli and Vicor, including specifically his history and ownership of Vicor, in order to establish bias.

8) **Preclude evidence, argument, or testimony regarding unauthenticated third-party evidence**

Consistent with the Court's rulings on Vicor's objections to the corresponding exhibits, this *in limine* request is **GRANTED-IN-PART and DENIED-IN-PART**. SynQor may not refer to the unauthenticated third-party declarations from Micron and Infinera. This does not preclude SynQor's experts from opining as to their interpretation as to the schematics. Otherwise, denied.

9) **Preclude evidence, argument, or testimony regarding SynQor's claim of inventing synchronous rectifiers or Intermediate Bus Architecture ("IBA")**

This *in limine* item is **DENIED**.

10) **Preclude evidence, argument, or testimony regarding the prices of end products incorporating the accused bus converters and customers' profit margins on those products**

This *in limine* item is **DENIED**.

## JOINT AGREED MOTION *IN LIMINE* (Dkt. No. 552)

1) **Preclude any evidence or argument by either party regarding settlement communications between the parties, and the parties' non-disclosure agreement relating to settlement communications, including any evidence or argument regarding facts disclosed only through settlement communications, as set forth in the parties' motion**

This motion is **GRANTED**, as agreed to by the parties.

Based on the foregoing, it is

**ORDERED** that this Order shall be applicable to all stages of the proceedings in this action, including *voir dire* and closing argument.

The Court reminds the parties that its ruling on a motion *in limine* is not a definitive ruling on the admissibility of evidence. An order granting a motion *in limine* is an order requiring the offering party to approach the bench and seek leave from the Court prior to mentioning the matter covered by the order to the jury or the jury panel during *voir dire*. Similarly, an order denying a motion *in limine* does not relieve a party from making an objection at trial.

SIGNED this the 7th day of October, 2022.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE