```
 1                IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE EASTERN DISTRICT OF TEXAS

 3                           MARSHALL DIVISION

 4   SYNQOR, INC.,               )(

 5       PLAINTIFF,               )(    CIVIL ACTION NO.

 6                                )(    2:14-CV-287-RWS

 7   VS.                          )(    MARSHALL, TEXAS

 8                                )(

 9   VICOR CORPORATION,           )(    OCTOBER 26, 2022

10       DEFENDANT.               )(    10:00 A.M.

11                       TRANSCRIPT OF JURY TRIAL

12           BEFORE THE HONORABLE ROBERT W. SCHROEDER III

13                    UNITED STATES DISTRICT JUDGE

14   FOR THE PLAINTIFF:      Mr. Thomas D. Rein
                             Ms. Stephanie P. Koh
15                           Mr. Paul J. Rogerson
                             Sidley Austin, LLP
16                           One South Dearborn
                             Chicago, Illinois 60603
17
                             Mr. Harry L. "Gil" Gillam, Jr.
18                           Gillam & Smith, LLP
                             303 South Washington Avenue
19                           Marshall, Texas 75670

20   COURT REPORTER:         Ms. Shelly Holmes, CSR, TCRR
                             Official Court Reporter
21                           Honorable Robert W. Schroeder III
                             United States District Judge
22                           Eastern District of Texas
                             Texarkana Division
23                           500 North State Line Avenue
                             Texarkana, Texas 75501
24                           shelly_holmes@txed.uscourts.gov

25   (Proceedings recorded by mechanical stenography, transcript
     produced on a CAT system.)
```

```
 1  FOR THE PLAINTIFF:      Mr. Michael D. Hatcher
                            Mr. Phillip M. Aurentz
 2                          Mr. Michael L. Roberts
                            Sidley Austin, LLP
 3                          2021 McKinney Avenue
                            Suite 2000
 4                          Dallas, Texas 75201

 5
    FOR THE DEFENDANT:      Mr. Sean S. Pak
 6                          Quinn Emanuel Urquhart &
                            Sullivan, LLP
 7                          50 California Street
                            22nd Floor
 8                          San Francisco, California 94111

 9                          Mr. David A. Nelson
                            Quinn Emanuel Urquhart &
10                          Sullivan, LLP
                            191 N. Wacker Drive
11                          Suite 2700
                            Chicago, Illinois 60606
12
                            Ms. Robin L. McGrath
13                          Quinn Emanuel Urquhart &
                            Sullivan, LLP
14                          1050 Crown Pointe Parkway
                            Suite 500
15                          Atlanta, Georgia 30338

16                          Mr. Patrick T. Schmidt
                            Mr. Lance L. Yang
17                          Quinn Emanuel Urquhart &
                            Sullivan, LLP
18                          865 S. Figueroa Street
                            10th Floor
19                          Los Angeles, California 90017

20                          Mr. Deron R. Dacus
                            The Dacus Firm, PC
21                          821 E.S.E. Loop 323
                            Suite 430
22                          Tyler, Texas 75701

23                          Mr. Eric H. Findlay
                            Mr. R. Brian Craft
24                          Findlay Craft, PC
                            102 N. College Avenue
25                          Suite 900
                            Tyler, Texas 75702
```

```
 1                    P R O C E E D I N G S
 2            (Jury out.)
 3            THE COURT:  It is 10:00 a.m.
 4            We received a note this morning timed at 9:25
 5   requesting from the jury, first, a list of products that
 6   are alleged to be directly or indirectly accused of
 7   infringement, including transition times; and, second,
 8   exhibits on revenue projected damages, i.e., Reed and
 9   Ratliff and slides.
10            The parties and I have met and conferred off the
11   record and have agreed on a response to this note as
12   follows:
13            Attached are summary slides of sales and royalty
14   calculations from both parties' damages expert witnesses.
15   Also attached are the summary slides prepared for use by
16   both parties' technical experts.
17            And the parties have jointly agreed that a set of
18   slides representing the material described in response to
19   the note will be provided to the jury in response.
20            Any comments by the Plaintiff?
21            MR. REIN:  No, Your Honor.
22            THE COURT:  Any comments from the Defendant?
23            MR. PAK:  No, Your Honor.
24            THE COURT:  All right.  Very good.
25            (Recess.)
```

1     (Jury out.)
2     THE COURT: All right. We are on the record. It
3  is 11:30 a.m.
4     We received, in quick succession, two notes from
5  the jury. First Note, No. 5, indicating that they were
6  deadlocked, and then, just a few minutes later, a note
7  indicating that they had come to an agreement.
8     I have discussed both notes with counsel for both
9  parties in the courtroom prior to going on the record, and
10 we have prepared and the parties have agreed to the
11 following response to both notes. It reads as follows:
12    We received Juror Notes No. 5 and 6. If you have
13 reached an unanimous agreement as to all questions, please
14 follow the instructions given to you about having the
15 foreperson fill in, sign, and date the verdict form. If
16 not, please continue to deliberate.
17    Is this response acceptable to the Plaintiff?
18    MR. REIN: It is.
19    THE COURT: And to the Defendant, as well?
20    MR. DACUS: Yes, Your Honor.
21    THE COURT: Okay. Thank you.
22    (Recess.)
23    (Jury out.)
24    THE COURT: All right. We received a note just a
25 few minutes ago that the jury had reached a verdict.

```
 1            Does either party have anything you wish to raise
 2   before we have the jury brought up?
 3            MR. REIN:  No, Your Honor.
 4            MR. DACUS:  No, Your Honor.  Thank you.
 5            THE COURT:  Okay.  Mr. Mitchell, if you would have
 6   the jury brought up, please.
 7            (Jury in.)
 8            THE COURT:  Please be seated.
 9            All right.  Good morning, ladies and gentlemen of
10   the jury.
11            We received a note that you all have reached a
12   verdict.
13            Mr. Curry, I understand you are our foreperson; is
14   that correct?
15            THE FOREPERSON:  Yes, sir.
16            THE COURT:  All right.  Has the jury reached a
17   verdict?
18            THE FOREPERSON:  Yes, sir, we have.
19            THE COURT:  Is the verdict unanimous?
20            THE FOREPERSON:  Yes, sir, it is.
21            THE COURT:  All right.  I'll ask you to hand the
22   verdict form to our Court Security Officer, who will bring
23   it to -- well, you can bring it directly to me.  That's
24   fine.  Thank you.
25            Okay.  Ladies and gentlemen of the jury, I am
```

1  going to hand the verdict form to Mrs. Schroeder, and she's
2  going to read the verdict at this time, and I'm going to
3  ask each of you to listen carefully to her as she does.
4          After she has finished reading the verdict, I'm
5  going to ask each of you if this is your verdict so that I
6  can confirm it is unanimous.
7          Mrs. Schroeder?
8          COURTROOM DEPUTY:  Question No. 1:  Do you find
9  that SynQor has proven by a preponderance of the evidence
10 that Vicor is liable for induced or contributory
11 infringement of the asserted claims of the patents-in-suit
12 for accused products that are used in the United States?
13         For U.S. Patent No. 7,072,190, Claim No. 2:  No.
14         U.S. Patent No. 7,564,702, Claim 55:  Yes.
15         Claim 67:  Yes.
16         Question No. 2:  Do you find that SynQor has
17 proven by a preponderance of the evidence that Vicor is
18 liable for infringement of the asserted claims of the
19 patents-in-suit by supplying accused products from the
20 United States for combination outside of the United States?
21         Patent No. 7,072,190, Claim No. 2:  No.
22         Patent No. 7,564,702, Claim 55:  Yes.
23         Claim 67:  Yes.
24         Question No. 3:  Do you find that Vicor has proven
25 by clear and convincing evidence that Claim 2 of the '190

1 patent is invalid as obvious to a person of ordinary skill
2 in the field at the time of the invention?
3          Claim No. 2:  No.
4          Question No. 4:  If you find that Vicor is liable
5 for infringement of the patents-in-suit, do you find that
6 SynQor has proven by a preponderance of the evidence that
7 Vicor's infringement was willful?
8          Yes.
9          Question No. 5:  What sum of money, if any, if
10 paid now in cash, would fairly and reasonably compensate
11 SynQor for any infringement you have found by Vicor?
12          $6,500,000.
13          Signed and dated today.
14          THE COURT:  All right.  Ladies and gentlemen of
15 the jury, I want to poll you at this time and make sure
16 this is the unanimous verdict of the entire eight members
17 of the jury.
18          Will all of you who voted for this verdict, as
19 Mrs. Schroeder has just read it, please stand at this time?
20          (Jury polled.)
21          THE COURT:  All right.  You may be seated.
22          And let the record reflect that all eight members
23 of the jury immediately rose and stood in response to my
24 request to poll the jury.
25          The verdict will be filed with the clerk of the

1 Court.
2     This now completes the trial of this case. From
3 the very beginning last Monday, I instructed you repeatedly
4 about not discussing anything about the case with anyone,
5 including among yourselves, until you began deliberations
6 at the end of the case.
7     I'm now releasing you from all of those
8 obligations. You're free to talk about it among
9 yourselves, your friends, your family, anybody you want to.
10     And by the same token, you are free not to say a
11 word to anybody if that's what you choose to do. You're
12 under no obligation to discuss it one way or the other.
13     I have a practice in my court where I ask you,
14 after the verdict has been read, to go back to the jury
15 room and wait for me for just a few minutes. I want to
16 visit with you, not about the verdict or how you reached
17 your decision, but about the process and the procedures
18 that we follow and whether there are things that we can do
19 as a court, as a public institution, to improve the way we
20 do our jobs, and, in particular, how we interact with the
21 jury and what your experience has been like and whether
22 there are any suggestions you may have for us to improve
23 how we do our jobs.
24     So I would ask you to go back and wait for me for
25 a few minutes so that we can visit with you briefly in the

```
 1  jury room.
 2          I do want to thank you on behalf of the Eastern
 3  District of Texas for your dedicated service as jurors in
 4  this case.  I know how much I and the parties and the
 5  attorneys appreciate all of your time and your effort and
 6  the attention you have, plainly, paid throughout the course
 7  of this trial.
 8          This is an important case to both parties, and
 9  they've been unable to resolve it without the assistance of
10  a jury.  So for your assistance in that regard, I thank
11  you.
12          There are three good pillars to citizenship, I
13  believe, in America.
14          The first is answering the call of military
15  service when your country needs you.
16          The second is being an active and informed voter.
17          And the third is being willing to serve as a
18  juror.  You all clearly responded to the call as good
19  citizens to serve as jurors, and for that, I am very, very
20  grateful.
21          Our Constitution and, in particular, our Seventh
22  Amendment, really depends on having active citizens who are
23  willing to participate as jurors so that disputes like this
24  can be resolved.
25          So I can't tell you how much I appreciate it and
```

```
 1  how much our Court appreciates it.
 2          So on behalf of all of the parties and the
 3  attorneys in the Eastern District of Texas, thank you for
 4  your service in your matter -- in this matter.  And you're
 5  excused at this time.
 6          And if you'll wait for just a few moments, I'll be
 7  down to the jury room to visit with you.
 8          COURT SECURITY OFFICER:  All rise.
 9          (Jury out.)
10          THE COURT:  You all be seated.
11          Let me ask that you all meet and confer on a
12  proposed post-trial briefing schedule and perhaps have
13  something hopefully agreed and submitted by the end of next
14  week, so a week from Friday.  And I'm sure we'll -- that
15  will look fine, and we will get that entered.
16          So if you all would cooperate on getting that
17  done, I would appreciate it.
18          I want to say a couple of things.  I first want to
19  thank you all and I want to thank Judge Baxter for the good
20  work that you all did and the good work -- the excellent
21  work he did getting this case ready for trial.
22          This case, of course, has a long procedural
23  history and significant disputes, and you all worked with
24  him and he worked with you well to get the case ready for
25  trial.
```

1    And, from my perspective, the case was very
2 smoothly and efficiently tried.  And it was the work that
3 you all did in preparation for that that made it that way.
4    And so I'm grateful for that.
5    I also want to say how much I appreciate the
6 cooperation and the professionalism that you all extended
7 to each other in the courtroom.
8    I know that this was a hard-fought and long case,
9 but the way you all interacted with each other and with
10 witnesses and with my staff and me demonstrated a real
11 level of professionalism and dignity that I don't see in
12 every case.
13    And I can assure you, I'm not -- I don't say this
14 in every case, but it was a pleasure to try the case with
15 you all.  And what I saw from you all, really, in my view,
16 sort of represents the highest standards of our profession.
17 So I'm grateful to all of you for your effort in that
18 regard.
19    Anything we need to discuss before we adjourn from
20 the Plaintiff's perspective?
21    MR. REIN:  No, Your Honor.
22    THE COURT:  From the Defendant's?
23    MR. DACUS:  No, Your Honor.  Thank you.
24    THE COURT:  Okay.  We'll be in recess.  Thank you
25 all.

1  COURT SECURITY OFFICER: All rise.
2  (Court adjourned at 11:57 a.m.)
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## CERTIFICATION

I HEREBY CERTIFY that the foregoing is a true and correct transcript from the stenographic notes of the proceedings in the above-entitled matter to the best of my ability.

/S/ Shelly Holmes            10/26/2022
SHELLY HOLMES, CSR, TCRR     Date
CERTIFIED SHORTHAND REPORTER
State of Texas No.: 7804
Expiration Date: 10/31/2023